**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
CASE NUMBER:  2:21-cv-1904-BHH**

| | |
|---|---|
| Progressive Northern Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>Isabel Chanler Shamamian, Llewelyn Sinkler (a.k.a. Llewelyn Shamamian), Chubb Indemnity Insurance Company<br><br>Defendants. | **COMPLAINT**<br>**(Declaratory Judgment)** |

Plaintiff, Progressive Northern Insurance Company (hereinafter "Progressive"), seeks declaratory relief to determine the rights of the parties and compensatory relief and alleges and shows as follows:

**JURISDICTION & VENUE**

1. Progressive is an insurance company organized and existing under the laws of the State of Wisconsin with its principal place of business in the State of Ohio. Progressive is authorized to transact business in the State of South Carolina, including writing policies of insurance.

2. Upon information and belief, Llewelyn Sinkler (a.k.a. Llewelyn Shamamian) was a citizen and resident of New York County, New York at all relevant times.

3. Upon information and belief, Isabel Chanler Shamamian was a citizen and resident of Charleston County, South Carolina at all relevant times.

4. Upon information and belief, Defendant Chubb Indemnity Insurance Company is an insurance company organized and existing under the laws of the State of New York with its principal place of business in New York.

1

5. This matter is brought in part pursuant to Rule 57 of the Federal Rules of Civil Procedure and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.; there is a real or justiciable controversy between the parties, and by these proceedings Plaintiff asks this Court to inquire into and declare the rights and obligations of the parties hereto arising out of the facts set forth below.

6. Venue is proper in this Division and this Court pursuant to 28 U.S.C. § 1391(b)(2) as, upon information and belief, a substantial part of the events giving rise to this claim occurred in this Division.

7. The amount in controversy exceeds Seventy-Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interests and costs, and there is complete diversity of citizenship. Therefore, this Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1332(a)(1).

**FACTS**

8. On or about October 26, 2018, Isabel Chanler Shamamian, was struck by a vehicle driven by Perressa Miller Ramsey, while walking in a pedestrian crosswalk in Charleston, South Carolina.

9. Perressa Miller Ramsey's auto insurance company tendered it's liability limits of $25,000.00 to Isabel Chanler Shamamian. She then submitted a claim for UIM benefits to Progressive.

10. The Plaintiff issued a personal auto policy, Policy No. 924760730, to Llewelyn Sinkler with effective dates of September 29, 2018 to March 29, 2019 (hereinafter the "Progressive Policy").

11. The Progressive Policy lists Llewelyn Sinkler as the named insured and Oscar Shamamian both as Drivers and resident relatives. Isabel Chanler Shamamian was not listed as a resident relative.

12. The Progressive Policy lists one insured vehicle and provides underinsured motorist ("UIM") combined single limit of $500,000.

13. Isabel Chanler Shamamian claimed the full UIM limits for her injuries sustained in the accident.

14. The Progressive Policy lists Llewelyn Sinkler and Oscar Shamamian's address as Charleston, South Carolina.

15. Llewelyn Sinkler and Oscar Shamamian did not reside in Charleston, South Carolina at all relevant times. Instead, they resided in New York, New York at all relevant times. Moreover Llewelyn Sinkler did not reside with Isabel Chanler Shamamian at any relevant time.

16. Progressive craves reference to the Progressive Policy for all terms, conditions, and provisions therein and incorporates them by reference herein. A copy of the Progressive Policy is attached hereto as Exhibit A.

17. The Progressive Policy provides in pertinent part:

**PART III – UNINSURED/UNDERINSURED MOTORIST COVERAGE**

**INSURING AGREEMENT – UNDERINSURED MOTORIST COVERAGE**

If **you** pay the premium for this coverage, **we** will pay for damages that an **insured person** is legally entitled to recover from the owner or operator of:

1. an **underinsured motor vehicle** because of **bodily injury**:
    a. sustained by an **insured person**;
    b. caused by an accident; and
    c. arising out of the ownership, maintenance, or use of an **underinsured motor vehicle**;

***

**ADDITIONAL DEFINITIONS**

When used in this Part III:
1. "**Insured person**" means:
    a. **you**, a **relative**, or a **rated resident**;
    b. any person while operating a **covered auto** with the permission of **you**, a **relative**, or a **rated resident**;
    c. any person **occupying**, but not operating, a **covered auto**; and
    d. any person who is entitled to recover damages covered by this Part III because of **bodily injury** sustained by a person described in a., b. or c. above.

***

**GENERAL DEFINITIONS**

The following definitions apply throughout the policy. Defined terms are printed in boldface type and have the same meaning whether in the singular, plural, or any other form.

***

**11.** "**Relative**" means a person residing in the same household as **you**, and related to **you** by blood, marriage or adoption, and includes a ward, stepchild, or foster child. **Your** unmarried dependent children temporarily away from home will qualify as a **relative** if they intend to continue to reside in **your** household.

**OTHER INSURANCE**

If there is other applicable uninsured or underinsured motorist coverage, **we** will pay only **our** share of the damages. **Our** share is the proportion that **our** limit of liability bears to the total of all available coverage limits....

***

18.     Chubb Indemnity Insurance Company ("Chubb") issued a personal auto policy, Policy No. 14556491-01, to Llewellyn Shamamian with effective dates of August 2, 2018 to August 2, 2019 (hereinafter the "Chubb Policy"). The Chubb Policy insures one vehicle for UIM coverage and provides combined limits of $500,000.

19.     Isabel Chanler Shamamian seeks Underinsured Motorist Protection coverage under the both the above-referenced Progressive and Chubb Policies.

4

20.  On March 26, 2021 Chubb denied Underinsured Motorist Protection. A copy of the Denial Letter is attached hereto as Exhibit B.

## FOR A FIRST DECLARATION

21.  Plaintiff repeats and realleges each and every one of the allegations set forth above as if set forth verbatim herein.

22.  Isabel Chanler Shamamian is not a 'relative' as defined by the Progressive Policy because she did not reside with Llewelyn Sinkler (a.k.a Llewelyn Shamamian) or Oscar Shamamian at all times relevant to this Complaint.

23.  Therefore, Progressive is entitled to a declaration that there is no Underinsured Motorist Protection under the Progressive Policy because Isabel Chanler Shamamian is not an "Insured person" under the Progressive Policy.

## FOR A SECOND DECLARATION

(In the Alternative)

24.  Plaintiff repeats and realleges each and every one of the allegations set forth above as if set forth verbatim herein.

25.  Under the terms of the Progressive Policy, if there is other applicable UIM coverage, Progressive only pays its share of the damages, its share being the proportion that its limit of liability bears to the total of all available coverage limits.

26.  Isabel Chanler Shamamian is an insured under the Progressive Policy, she is also an insured under the Chubb Policy for the October 26, 2018 accident.

27.  Under South Carolina Code § 38-77-160, Isabel Chanler Shamamian could have chosen to recover the UIM coverage of either vehicles with UIM coverage – under the Progressive Policy or the Chubb Policy.

28.     Therefore, Progressive is entitled to a declaration that, should there be applicable coverage, coverage exists only for Progressive's pro rata share of the maximum amount Isabel Chanler Shamamian is entitled to recover.

**WHEREFORE**, Progressive requests that this Court inquire into these matters and:

(a) Declare that there is no Underinsured Motorist Protection coverage under the Progressive Policy because Isabel Chanler Shamamian is not an "Insured person" under the Policy by virtue of not residing with the named insured; OR

(b) In the alternative, Progressive's coverage is limited to its pro rata share of the maximum amount Isabel Chanler Shamamian is entitled to recover.

                                        MURPHY & GRANTLAND, P.A.

                                        s/J.R. Murphy
                                        J.R. Murphy, Esquire
                                        Fed I.D. No. 3119
                                        John E. Gardner, Esquire
                                        Fed I.D. No. 13367
                                        Murphy & Grantland, P.A.
                                        P.O. Box 6648
                                        Columbia, South Carolina 29260
                                        (803) 782-4100
                                        Attorneys for Plaintiff

Columbia, South Carolina
June 23, 2021